## ABBOTT v. BERRY & ALS.

Upon a petition for partition of real estate under our statute the requirement that the committee shall "set off the share of the several persons interested according to their respective titles," will be answered by their setting off to the petitioner his share, or if there are several petitioners, their shares, either to each in severalty, or to them all together in common, as they elect, and leaving the residue undivided to be held by the petitionees where there are several of them.

THIS was a petition for partition of a tract of land in Concord. The plaintiff, in his petition, described the whole land to be divided, set forth that he was entitled to one undivided half of the whole land, and gave the names of all the others interested with him in the lands, some six in all.

Upon this petition a committee of partition was sent out by the court, who set off to the petitioner, Abbott, his undivided share or half by metes and bounds, but made no partition of the remainder among the petitionees. It did not appear that the petitionees had requested or desired any partition between themselves.

The report of the committee was returned to this court, and the plaintiff moved for judgment on the report, but the defendants moved "that the report of the committee be rejected, because it appears thereby that the committee, in making partition of the premises, did not set off the share of the several persons interested, according to their respective titles," as required by the provisions of the law. See Comp. Stat. p. 523, sec. 10.

*George, Foster & Sanborn*, for the petitionees.

*Perkins*, for petitioner.

SARGENT, J. It would seem from reading the 10th, 13th and 19th sections of chap. 206, Rev. Stat., that it was intended in case of partition of real estate, that the committee appointed should not only set off to the petitioner or petitioners, his or their several share or shares, but should also divide the land among all the parties interested and assign to each owner his or her separate share, set out and described by metes and bounds, or other particular description. But this would often be impossible, because the owners in common may be unknown, or they may fail to appear and present their title or prove their rights, and the committee might thus be unable not only to ascertain the precise title of each owner, but sometimes even to ascertain who all the owners were.

But if it were possible thus to make partition in all cases, it would frequently be undesirable, because though some one or more of the tenants in common might wish to have their rights severed from the rest and set off to them in severalty, yet there might be others who would desire to occupy theirs in common still, or they might desire to sell their shares together, and thus save the expense of partition, and perhaps they could sell to better advantage together than in separate parcels.

In the case before us, the petitioner Abbott, as it seems, owns one undivided half of the whole land, while the other half is owned by some five or six persons; and while Abbott is desirous of having his share set off to him in severalty, there is nothing that tends to show that the owners of the other half desire any division of the land among themselves, or that it would be for their interest to have it thus divided, while it might work an actual injury to them. It would not ordinarily be expected that the law would undertake to do that which nobody desired to have done, and which would benefit nobody when it was done.

Let us see what the law was on this subject before the revision of the statutes in 1842. The first statute giving jurisdiction to the courts of law upon that subject was passed June 26, 1810, in which it was provided that the superior court of judicature, upon the application of any person or persons *interested with others,* in any piece, lot, or tract of land, might cause partition to be made of said piece, &c., and the share or shares of the person or persons making such application to be divided and set off from the rest by a committee, &c. This statute provides that the petition shall set forth the share or shares of the person or persons applying in such piece of land, shall give a particular description of the whole piece to be divided, and shall give the names of the other persons interested if known. It provides for raising an issue upon the facts stated in the petition, and for trying the same, and for judgment and costs, &c. N. H. Laws, (1815), 223.

The provisions of this statute were evidently borrowed with little alteration from the law of 1789, which makes provision for the partition of lands by the judge of probate, N. H. Laws, (1815), 221, which made similar provision for the setting off of the share or shares of the person or persons making the application.

In 1829 a new statute was passed repealing the law of 1810, but making no change in any provision material to the point before us. N. H. Laws, (1830), 459. So in 1822, there was a revision of the probate law, but all the provisions of the old law to which we have alluded were continued unchanged. N. H. Laws, (1830), 344.

Such being the state of the law in these particular respects, from 1789 to 1842, without any alteration, let us, see if any change was intended to be made at the revision in 1842. The change in the language in the sections first mentioned, would indicate that some change was intended in the law. But upon examination of the provisions of the statute, we find that no provision is made for ascertaining the rights of any of the other parties but the petitioners. Sec. 2, of chap. 206, requires that the petitioner should set out the names of the petitionees if known, but if not known, it provides a way for him to proceed and get partition even then. It also requires that he should particularly describe the real estate of which partition is sought, and also the share of the petitioner therein. It does not require that he should set out the shares of any but the petitioner. Sec. 9, provides that if any facts alleged in the petition, are disputed by the petitionee, he shall plead to it so that the petitioner may reply or demur so that the matter in dispute may be reduced to an issue to be tried by the jury. But there can be

no issue raised about the share of anybody but the petitioner, because the petition is only to set forth his share, and the issue is to be raised only upon some fact alleged in the petition. Sec. 10 provides that if the issue thus tried be determined in favor of the petitioner, he shall have partition, &c., and shall recover his costs against the petitionee. Secs. 16, 17 and 18 provide for judgment and costs in cases where the petitioner recovers less than he claims in his petition, and where he fails to recover anything, and also where he fails to prosecute his petition.

We can see no good reason for changing the law in this regard. The change if attempted could not well be made to operate in all cases. The change would be undesirable in many cases, and unnecessary in all, because all that wished partition could join in one petition, or if one petitioned, and any others desired their shares set off in severalty, they could file similar petitions setting forth their title and the whole matter might be referred by the court to the same committee. There is nowhere in the law of 1842, any provision for raising or trying any issue in regard to the title of any but petitioners. So that whatever we might infer as to a change of the law by the language of the 10th, 13th and 19th sections of this statute, we find that the statute has not been changed in other parts so as to make it possible for the committee literally "to set off the share of the several persons interested according to their respective titles."

The "persons interested" must be understood to have reference to the parties to the bill; all who are petitioners may be treated as one party, and all the petitionees as the other. *Ladd* v. *Perley*, 18 N. H. 395. The report in this case describes the part set off to Abbott by metes and bounds. The whole land is particularly described in the petition. Taking the part described in the report as set off to Abbott from the whole land described in the petition, and the part left for the petitionees is readily found and easily defined and located. We think this is sufficient.

*Judgment on the report.*